The opinion of the Court was delivered by
O’Neall, C. J.
We think the rule was correctly stated in the Commissioner vs. Smith, 9 Rich. 522.
It is there stated: “The single inquiry is, was the property sold such as it appeared to be, or such as, the seller permitted buyers to believe it was by his silence, or by failing to put them on their guard, as by refusing to warrant."
It is true, the commissioner is not liable on an express or implied warranty in his sales; yet, in such sales, there is as to the executory contract of purchase a quasi warranty, such as explained, in the Commissioner vs. Smith. His sale, in most respects, is regarded as analogous to an executor’s; the rule in such a sale as settled in Green's Exor's vs. McLean, 2 McMull. 17, was intended to be applied to sales by the com *684 missioner. If lie chose in making a sale to give notice, that there was no warranty, the rule of caveat emptor would apply. .
It is true, the commissioner acts under the order of the Court of Equity; but that does not deprive him of a.sound discretion in the time or matiner of the sale. . He is the agent of the Court and of the parties, for whom he makes;the sale. He sells their title, and is, therefore, as much pro hac vice, the owner, as an executor. Like, the latter, he may. say, “ there is no warranty in this sale,” and when he so declares, the purchaser can’t say, I bought as the thing appeared to be; but he buys and* runs the chance of its being what its outside appearance presents. . : ■
The beautiful argument of Mr. Cothran showed the propriety of the commissioner’s course, and held up, as it ought to be, what a guard it was to the rights of the distributees, in such a sale.
The motion is dismissed, and I may add, that would have been the result of -the motion in the Law Court of Appeals had not that Court been dissolved before their judgment could be announced.
Johnstone and Wardlaw, JJ., concurred.

Motion dismissed.